UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS HOULE,

    Plaintiff,                                                             Case No. 12-10188

v.

BERT R. HUNCILMAN & SON, INC.,                  Hon. Avern Cohn
an Indiana corporation,

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DOC. 7)**

**I. Introduction**

This is a contract case. Plaintiff Thomas Houle (Houle) worked as a commissioned sales representative for the defendant, Bert R. Huncilman & Son, Inc. (Houncilman). Houle says that Houncilman owes him commissions earned under the terms of their contract totaling $102,796. The complaint is in two (2) counts: Count (I) Express Contract and Count (II) Michigan Manufacturer's Representative Commission Act.

Now before the Court is Houncilman's Motion to Dismiss for Lack of Personal Jurisdiction or Alternatively, Under the Doctrine of *Forum Non Conveniens*. (Doc. 7). For the reasons that follow, the motion is **GRANTED**. This case is **DISMISSED**.

**II. Background**

Houncilman is incorporated under the laws of Indiana, where it also maintains its principal place of business. Houncilman manufactures and fabricates metal products, including automobile parts. In 2004, Houle's predecessor Jim Kramer Co. Inc. (Kramer)

contracted with Houncilman to serve as its sales representative for certain customers located in Indiana and Oregon. Kramer assigned its contract to Houle in August 2010. The negotiations took place in Indiana and the assignment was drafted and signed in Indiana.

One of Houncilman's customers was Ford Motor Company, and sales to Ford accounted for approximately seventeen and one-half percent (17.5%) of its business. However, Houncilman says only a small percentage of those sales were shipped to Michigan. Further, Houncilman says that it no longer does business with Ford and their relationship ended in July 2011. The sales on which the unpaid commissions are based were shipped in September and November of 2011.

Houncilman does not maintain an office, bank account, or registered agent in Michigan, nor is it licensed to transact business in this state. Houncilman says it owns no real property in Michigan nor does it directly solicit sales in Michigan. Houle is apparently a Michigan resident, although he does not so plead. Houle alleges that Houncilman maintains continuous and systematic business contacts within the Eastern District of Michigan and points to Houncilman's business relationship with Ford as evidence thereof. Houle says that Houncilman previously maintained a commissioned sales agent in Michigan. That relationship resulted in a similar lawsuit, also in the Eastern District of Michigan, *Morgan v. Houncilman & Son, Inc.*, No. 11-10260, which settled and dismissed by stipulation of the parties. Houle attaches the pleading to bolster his argument. However, Houncilman says that it never consented to jurisdiction in that case. Morgan refused to provide an affidavit to Houle describing Houncilman's business in Michigan, if any.

Finally, Houle avers that as a sales representative for Houncilman he sold products to several companies located in Michigan, including to Unipro Unlimited and Quigley Companies. Houle says he solicited sales to several other Michigan businesses on behalf of Houncilman.

### III. Legal Standard

"The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). When ruling on a jurisdictional motion to dismiss, the court considers the pleadings and affidavits in a light most favorable to the plaintiff. *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998). The plaintiff must make a prima facie showing of jurisdiction. *Id.* Further, the court does not weigh the controverting assertions of the party seeking dismissal. *Id.* However, if the written submissions raise disputed issues of fact that would defeat jurisdiction or seem to require determinations of credibility, the court has the discretion to order an evidentiary hearing. *Id.* The court may also order discovery broad enough to allow the parties to prepare for the evidentiary hearing. *Id.* At the evidentiary hearing, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.*

"A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets the state's long-arm statute and constitutional due process requirements." *Intera Corporation v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). The court's exercise of jurisdiction comports with due process "when the defendant has sufficient minimum contacts such that traditional notions of fair play and substantial justice are not offended." *Id.*

When a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction violates constitutional due process." *Id.* at 616 (citing Aristech *Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir.1998)). Michigan's limited personal jurisdiction provisions extends the state's jurisdiction to the limits permitted by due process requirements, thus this Court only performs one inquiry under the Due Process Clause. *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150 (6th Cir.1990); and *Bridgeport Music, Inc. v. Still N the Water Pub.*, 327 F.3d 472, 477 (6th Cir.2003).

"A state may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *J. McIntyre Machinery, LTD. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Additionally, the exercise of jurisdiction requires that the defendant "purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

### IV. Discussion

#### A. Houle's Burden

The burden is on Houle to demonstrate that this Court has jurisdiction over Houncilman. The Court can exercise either general or limited jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-4* (1984). A court may exercise limited jurisdiction when the case arises out of the foreign corporation's activities in the

forum state. Because this case does not arise out of Houncilman's contacts with Michigan, the Court must have general jurisdiction. Houle says that this Court has general personal jurisdiction over Houncilman based on its business relationship with Ford. To establish general jurisdiction over Houncilman under Michigan long-arm statute, M.C.L §600.711, Houle must show Houncilman's contacts with Michigan are "continuous and systematic."

### B. Houncilman's Contacts

Although Houle relies heavily on Houncilman's sales to Ford and employment of Morgan both ceased prior to the events that gave rise to the present dispute. *Hanson,* 357 U.S. at 253, recognized that a corporation can mitigate the risk of litigation by severing ties with the forum state. Houncilman's relationship with Ford and its former employment of a sales agent in Michigan preceded and ended before Houle began working for Houncilman.

The only ties that remain between Houncilman and Michigan are Houle's assertions he made sales to two Michigan companies and solicited several others. The sales contract between Houle and Houncilman specifies servicing accounts outside of Michigan. Nothing in the record suggests Houncilman expected Houle to sell to anyone beyond the companies listed in Exhibit I to the Sales Representative Agreement.. Such sporadic and limited contact does not create general personal jurisdiction. *See e.g. Sun Micro Medical Technologies Corp. v. Passport Health Communications, Inc.*, 2006 WL 3500702 (D.C.N.Y. 2006) ($100,000 of defendant's business from three (3) customers in forum state was insufficient for general jurisdiction). Houle has not made a prima facie showing of continuous or systematic business with Michigan.

Finally, the limits of due process require the court to consider the "relationship among the forum, defendant, and litigation." *Rush v. Savchuk,* 444 U.S. 320 (1980) (quoting *Shaffer v. Heitner*, 433 U.S.186 (1977). Such a consideration does not favor Houle. Accordingly, the Court finds is does not have personal jurisdiction over Houncilman.

**SO ORDERED.**

Dated:  May 14, 2012                s/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Monday, May 14, 2012, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                              Case Manager, (313) 234-5160