UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS HOULE,
a Michigan resident,

        Plaintiff,

Case No. 12-CV-10188

v.

HONORABLE AVERN COHN

BERT HUNCILMAN & SONS,
an Indian Corporation,

        Defendant.
_____/

## MEMORANDUM AND ORDER ALLOWING DISCOVERY ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 15)

### I. Introduction

This is a contract case. Plaintiff Thomas Houle (Houle) worked as a commissioned sales representative for Bert R. Huncilman & Son, Inc. (Huncilman). Houle says that Huncilman owes him commissions earned under the terms of their contract totaling $102,796. The complaint is in two (2) counts: Count (I) Express Contract and Count (II) Michigan Manufacturer's Representative Commission Act.

On May 9, 2012, the Court held a hearing on Huncilman's motion to dismiss for lack of personal jurisdiction (Doc. 7). The Court granted the motion (Doc 14). Now before the Court is Houle's motion for reconsideration (Doc. 15). For the reasons that follow, the motion will be held in abeyance for sixty (60) days as discussed below.

### II. Standard of Review

A motion for reconsideration is governed by E.D. Mich. LR 7.1(h), which states in

pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp.2d 714, 718 (E.D. Mich. 2001).

### III.  Discussion

Houle moves to have the Court reconsider its determination that it does not have personal jurisdiction over Huncilman.  Alternatively, Houle requests that he be allowed to conduct limited discovery to establish that the Court has personal jurisdiction over Huncilman.

### A.  Personal Jurisdiction

Houle says that the "Court has been misled big time" because Huncilman is on the list of suppliers to receive quotations to bid on new business at Ford Motor Company ("Ford").  The only support for this assertion is Houle's statement that "If the [Huncilman] was taken off of the bid list [Huncilman] certainly would have stated so."  The burden to demonstrate that the Court has personal jurisdiction over Huncilman, however, rests with Houle.  See  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 413-4 (1984).  Thus, Huncilman does not have to establish an absence of doing business with Ford.

Houle also contends that Huncilman's contacts in Michigan are continuous and

systematic arising from the contact Huncilman had with the customers identified in the briefs. The Court has rejected this argument, finding that sporadic and limited contacts did not create personal jurisdiction because the contacts were not continuous and systematic. "A motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." DiPonio Const. Co, Inc. v. Int'l Union of Bricklayers and Allied Craftworkers, Local 9, 739 F. Supp.2d 986, 1004 (E.D. Mich. 2010).

## B. Limited Discovery

Houle requests that he be allowed to do limited discovery for the purpose of establishing that Huncilman continues to do business with Ford.[1] First, the Court already determined that Huncilman's relationship with Ford ended before Houle began working for Huncilman. Second, the evidence demonstrates that Huncilman ceased doing business with Ford in July 2011, two months prior to the events that gave rise to the present dispute. Huncilman submitted a signed letter dated July 2011 from Ford's Purchasing Manager in which Ford terminated all purchase orders between itself and Huncilman. (Doc. 17 Ex. A) Additionally, Huncilman's president, Gordon Huncilman, submitted an affidavit in which he attests that Huncilman ceased doing business with Ford in July 2011. (Doc. 17 Ex. B)

---

[1] In his response to Huncilman's motion to dismiss for lack of personal jurisdiction, Houle says "the only discovery will be for [Houle] to request copies of invoices on parts shipped after [September 29, 2011], the date that the admission of liability was put into writing." (Doc. 9 ¶ 2)

3

Houle says that Huncilman has other contacts in Michigan that subject it to the Court's jurisdiction. Permitting Houle to do limited discovery may enable him to establish that Huncilman has continuous and systematic contacts with Michigan, and therefore that the Court has personal jurisdiction over Huncilman. Accordingly, Houle is allowed limited discovery in the form of interrogatories and a single deposition regarding the extent, if any, to which Huncilman conducts business in Michigan. The motion for reconsideration will be held in abeyance for sixty (60) days to enable Houle to go forward with discovery as described above.

    SO ORDERED.

Dated: June 19, 2012                       S/Avern Cohn

                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 19, 2012, by electronic and/or ordinary mail.

                                         S/Julie Owens
                                         Case Manager, (313) 234-5160