UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS HOULE,

     Plaintiff,

vs.                                                                          Case No. 12-10188

BERT R. HUNCILMAN & SON, INC.,                          HON. AVERN COHN

     Defendant.

_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION (Doc. 15) AND DENYING PLAINTIFF'S MOTION FOR AN
ORDER ESTABLISHING GENERAL JURISDICTION (Doc. 20)[1]**

**I. INTRODUCTION**

This is a contract case.  Plaintiff Thomas Houle (Houle) worked as a commissioned sales representative for Bert R. Huncilman & Son, Inc. (Huncilman).  Houle says that Huncilman owes him commissions earned under the terms of their contract totaling $102,796.00.  The complaint is in two counts: Count (I) Express Contract and Count (II) Michigan Manufacturer's Representative Commission Act.

On May 9, 2012, the Court held a hearing on Huncilman's motion to dismiss for lack of personal jurisdiction (Doc. 7).  The Court granted the motion (Doc 14).  Now before the Court is Houle's motion for reconsideration (Doc. 15) and Houle's motion for an order establishing general jurisdiction (Doc. 20).  On June 19, 2012, the Court issued a Memorandum and Order allowing limited discovery to establish jurisdiction and held the motion for reconsideration in abeyance for sixty days (Doc. 18).  After conducting

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

discovery, Houle filed a motion for an order establishing general jurisdiction (Doc. 20) instead of supplementing the motion for reconsideration. Essentially, the motions before the Court are the same. For the reasons that follow, both motions will be denied.

## II. BACKGROUND

The Court adopts the facts in the prior orders as if fully set forth herein (Docs. 14, 18).

## III. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). No response or oral argument is allowed unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2). The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Id. A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## IV. DISCUSSION

The Court allowed Houle to engage in limited discovery to determine whether Huncilman has continuos and systematic contacts with customers in the State of Michigan. See (Doc. 18). The burden of proof a plaintiff is required to meet in establishing personal

2

jurisdiction varies depending on the procedural alternative the court employs. Where discovery is not permitted, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. Bird v. Parsons, 289 F.3d 865, 872 (6th Cir. 2002). Where, as here, the court allows discovery in aid of deciding the motion, the court considers "facts proffered by the defendant that conflict with those offered by the plaintiff." Indah v. U.S. S.E.C., 661 F.3d 914, 920 (6th Cir. 2011); Air Prods. and Controls, Inc. v. Safetech Intern., Inc., 503 F.3d 544, 549 (6th Cir. 2007); see also Conn v. Zakharov, 667 F.3d 705, 711 (6th Cir. 2012).

Houle requested, among other things, all purchase orders, invoices, and quotations between Huncilman and any customer in Michigan. (Doc. 20-1, pp. 3-4).

## A.

Houle has attached purchase orders between Huncilman and Ford Motor Company (Ford) in support of its claim of general jurisdiction. The last purchase order is dated July 14, 2011. On July 20, 2011, Ford sent a letter to Huncilman terminating all of its purchase orders with Huncilman. The Court has already rejected the argument that Huncilman's contacts with Ford subjected it to this Court's general jurisdiction:

> First, the Court already determined that Huncilman's relationship with Ford ended before Houle began working for Huncilman. Second, the evidence demonstrates that Huncilman ceased doing business with Ford in July 2011, two months prior to the events that gave rise to the present dispute. Huncilman submitted a signed letter dated July 2011 from Ford's Purchasing Manager in which Ford terminated all purchase orders between itself and Huncilman. (Doc. 17 Ex. A) Additionally, Huncilman's president, Gordon Huncilman, submitted an affidavit in which he attests that Huncilman ceased doing business with Ford in July 2011. (Doc. 17 Ex. B).

3

(Doc. 18, p.3).  Houle is attempting to re-hash old arguments.  None of the purchase orders suggest the Court was wrong in finding no general jurisdiction in Huncilman's relationship with Ford.

**B.**

Houle has also attached to his motion purchase orders between Huncilman and other customers.  The purchase orders display the following entries after July of 2011:

| Customer Name | Status | Create Date |
|---|---|---|
| Quigley Industries | Closed | 10/26/2011 |
| Spiral Industries | Closed | 8/4/2011 |
| Spiral Industries | Closed | 9/22/2011 |
| Unipro Unlimited Inc. | Closed | 4/16/2012 |
| Unipro Unlimited Inc. | Closed | 4/23/2012 |
| Unipro Unlimited Inc. | Released | 6/26/2012 |
| Unipro Unlimited Inc. | Released | 6/27/2012 |
| Unipro Unlimited Inc. | Released | 7/2/2012 |
| Van Products Co. | Closed | 1/6/2012 |
| Van Products Co. | Closed | 2/13/2012 |
| Van Products Co. | Closed | 2/27/2012 |
| Van Products Co. | Closed | 4/11/2012 |
| Van Products Co. | Closed | 5/30/2012 |
| Van Products Co. | Released | 6/22/2012 |
| Van Products Co. | Released | 6/26/2012 |
| Van Products Co. | Closed | 9/8/2011 |

(Doc. 20-4, pp. 1-4).

In addition, Houle has attached Huncilman's customer history reports with various customers.  Like the purchase orders, Houle makes no attempt to explain the reports.[2] Nothing in these papers suggest the Court was wrong in finding no general jurisdiction.

**V. CONCLUSION**

---

[2] The customer history reports do not establish that any of Huncilman's customers referenced in the reports are Michigan companies.

4

**A.**

The Court does not have general personal jurisdiction over Huncilman.  Huncilman does not have any Michigan employees, does not travel to Michigan on a regular basis, does not direct business from Michigan, does not have a Michigan bank account, and does not maintain a website allowing Michigan residents to purchase its products.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984); Bird v. Parsons, 289 F.3d 865 (6th Cir. 2002); Hige v. Turbonetics Holdings, Inc., 662 F. Supp. 2d 821 (E.D. Mich. 2009).  The sales conducted by Huncilman in Michigan after July of 2011 were sporadic rather than systematic and continuous.  Only three of Huncilman's total customers are Michigan residents.   Accordingly, exercising general personal jurisdiction over Huncilman would offend traditional notions of fair play and substantial justice.[3]

**B.**

For the reasons stated above, and for the reasons stated in the Memorandum and Order Granting Huncilman's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14), Houle's motion for reconsideration is DENIED and Houle's motion for an order establishing general jurisdiction is DENIED.  Huncilman's contacts with the state were not "such that [it] should reasonably anticipate being haled into court" in Michigan.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

SO ORDERED.

Dated: December 12, 2012

_____
s/Avern Cohn_____
UNITED STATES DISTRICT JUDGE

_____

[3] The Court need not consider whether it has limited personal jurisdiction over Huncilman because it was not alleged by Houle.